This is a suit wherein plaintiff seeks to recover from the Anchorage Tung Plantations, Inc., and its insurer, the Employers' Liability Assurance Corporation, Ltd., compensation in the sum of $6.82 per week for a period not exceeding 400 weeks and for medical expenses to the amount of $70, arising out of an alleged accidental injury to his knee on or about May 15, 1940, while driving a caterpillar tractor in the course and scope of his employment.
Plaintiff alleges that he was working for the defendant Tung Plantations prior to and during the year 1938 as a tractor operator with other general duties and functions in the planting and production of tung products; that in the course of his employment he struck his right knee with a mallet causing thereto injuries which, at that time, did not affect his ability to work; that while operating a tractor for his employer, about the 15th day of May, 1940, he was thrown against the levers and dash board of the said tractor when the tractor struck a root or stump, causing a severe injury to his right knee, with pain and suffering so severe as to require him to discontinue his employment; that he was treated by local physicians, who, in turn, transferred him, on August 30, 1940, to the Charity Hospital at New Orleans, where his knee was operated on, all of which caused him to become totally and permanently disabled from pursuing his usual and regular employment.
The employer and its insurance carrier filed a joint answer in which they admit the employment of plaintiff and his rate of pay, but deny that he sustained any accident on or about May 15, 1940, in the course of his employment.
After the trial of the case, defendant filed a plea of peremption under Section 31, Act. No. 20 of 1914, as amended by Act No. 29 of 1934, for the reason that the evidence shows, if plaintiff received any injury to his right knee, that such injury was received in March, 1938, more than two years prior to his filing of this suit. The trial judge sustained this plea of peremption and dismissed his suit. Plaintiff has appealed.
It is well established that plaintiff did receive an injury to his right knee in March, 1938, while in the course and scope of his employment with defendant Tung Plantations, which injury caused him considerable trouble, finally developing into what the doctors term chronic synovitis. However, thereafter he continued with his employment with the defendant Tung Plantations, in driving tractors and doing other general work.
Plaintiff, in his testimony, states that while he was operating a tractor on or about May 15, 1940, the tractor struck a root or stump causing his right knee to strike the gas throttle of the tractor below the dashboard; he further states that this occurrence was late in the afternoon, and that he continued work that day and a few days thereafter; that he then went to see Dr. Glenn Smith, a physician at Amite, and that Dr. Smith gave him some liniment to rub on his knee; that, the knee or his condition not improving, Dr. Smith sent him to the Charity Hospital at Independence, wherein he stayed for a few days; that thereafter he was sent to the Charity Hospital in New Orleans where an X-ray picture of his knee was taken and an operation performed, removing some cartilage. He was confined in that hospital from the latter part of August, 1940, to the latter part of September, 1940, and was required thereafter to report for treatment at intervals.
Mr. Archie Cole, the manager of defendant's plantation, states that plaintiff has not worked for the defendant since June 15, 1940, on account of this knee trouble. The manager admits that plaintiff complained of having struck his knee with a mallet in March, 1938, but as we read and interpret his testimony he did not testify or mean to testify that plaintiff complained to him of any accident to his knee on or about May, 1940, or at or about the time he quit work in June, 1940; that he did not make a report of any such injury as of date May 15, 1940, to the insurance company.
The plaintiff visited, consulted and was treated by Dr. Glenn Smith of Amite. According to Dr. Smith's testimony he had plaintiff under treatment from May 22nd to the latter part of August or the first part of September, 1940. Dr. Smith states that he treated the plaintiff for arthritis or rheumatism of the knee and so prescribed for him; that on account of his condition not improving, he sent him to the Charity Hospital at Independence. Nowhere in his testimony does this doctor state *Page 682 
that plaintiff complained of having received any injury to his knee about may 15, 1940; he does, however, state that he did not treat plaintiff for any injury to his knee but solely for rheumatism.
The record of the Charity Hospital at Independence shows that plaintiff's condition was diagnosed as mild arthritis, and evidently plaintiff did not make any complaint of an injury to his knee. His condition not improving, the plaintiff was then transferred to the Charity Hospital at New Orleans.
The records of the Charity Hospital at New Orleans show that plaintiff was admitted on August 30, 1940. In giving the history of his complaint or condition, he mentioned the injury to his knee in March, 1938, but failed to mention any injury received to the knee in May, 1940, and obviously had he received such an injury, it should have been fresh in his mind, and surely more so than a prior injury. The record of this hospital is to the effect that plaintiff was suffering from a chronic synovitis (traumatic) of four months' duration, which began from an injury received two years prior thereto. An operation was performed, removing some cartilage and fluid and he was discharged on September 27, 1940.
While in the Charity Hospital at New Orleans, an adjuster from the insurance carrier visited the plaintiff, on September 17, 1940, and plaintiff, in the presence of his wife, gave a statement to the effect that he had received an injury to his knee in March, 1938, describing in detail the manner in which this injury was sustained. He further states that his knee continued to give him trouble and at times that he had to stop in his work and rest; and that finally, the condition became so bad that some time in May, 1940, he had to stop his work entirely. In this statement, also, he fails to mention any injury received by him in May, 1940, in any way contributing to his present condition. In this statement plaintiff acknowledges that he has not received nor made claim for any compensation.
The sole question presented on this appeal is whether or not plaintiff suffered an injury on or about May 15, 1940, which disabled him or which aggravated a preexisting condition caused by an injury he received in March, 1938. The lower court has not favored us with a written opinion for his reasons for judgment, but evidently he must have come to the conclusion that plaintiff had not met with such an accident or injury on or about May 15, 1940, which caused plaintiff to be disabled or aggravated his previous condition, in that he sustained the plea of peremption.
After a careful review of the record and of the facts above outlined, we cannot say that he is in error. Had plaintiff not failed to complain or notify the superintendent of the defendant corporation, had he not failed to give such a history to Dr. Smith and to the superintendents of the hospitals at Independence and New Orleans, we possibly could say that his testimony to the effect that he suffered an injury on or about May 15, 1940, would be sufficient to grant him compensation. He is corroborated by any testimony or surrounding circumstances of any such occurrence or accident. Plaintiff relies on several cases where compensation was granted solely upon the testimony of claimant, among those cases being that of Sumrall v. E.I. Du Pont De Nemours Co., La.App., 1 So.2d 430, in which the writer was the organ of the Court. In the cases relied upon by plaintiff, and more so in the case of Sumrall v. E.I. Du Pont De Nemours Co., supra, the testimony of the plaintiff as to the occurrence of the accident was consistent with prior statements and was also borne out by other circumstances of the case. Such is not the case at bar. Plaintiff, in this case, has failed to prove to a legal certainty that he sustained an accident on or about May 15, 1940, resulting in an injury to his knee or the aggravation of a pre-existing injury. Our conclusion is that plaintiff's condition resulted from an injury which he received to his knee in March, 1938, and since more than two years expired prior to his bringing his suit, the plea of peremption (or prescription, as termed by the lower court) was properly sustained.
Judgment affirmed. *Page 683