TATE, Judge.
The only question for appellate consideration herein is whether the plaintiff employee’s disability from an accident of June 15, 1955, persisted beyond October 31, 1955. He appeals from the District Court’s award to him of workmen’s compensation benefits to the latter date only, claiming total and permanent disability.
While lifting lumber at work on June 15, 1955, plaintiff Williams sustained a lumbo-sacral strain, tie was subsequently hospitalized and in traction for six days, and under medical treatment for about six weeks. X-rays showed the presence of a spondyolisthesis, or a forward slippage of the fifth lumbar vertebra of the spinal column.
The medical, testimony indicates that this: condition results from congenital vertebral defects, by reason of which, stress and strain (either through trauma or gradually) cause a forward slipping of the vertebra on the sacrum (and consequently of the whole upper spinal column),, which may produce an unstable back and pain through pulling of the ligaments of the vertebral column. The medical testimony herein is in agreement that there is minimal forward slippage of the fifth lumbar vertebra^ in Williams’ back; that such condition could have resulted from the industrial accident, and that it could cause pain upon attempting labor; and that the slippage could pre-exist the accident, although nevertheless the injury sustained in the accident activated painful symptoms previously dormant which aggravation is, of course, compensable, see e. g., Hebert v. Hartford Accident & Indemnity Company, La.App. 1 Cir., 88 So.2d 243, Skyles v. United Investment Corporation, La.App. 2 Cir., 46 So.2d 662.
The question for determination in the present case is whether plaintiff Williams suffers pain upon exertion, and if so, wheth *84 er this results from the industrial accident in question. The medical witnesses agree that, basically, resolution of this question depends upon whether or not the history given by Williams and his complaints of pain are truthful.
We are unable to hold manifestly erroneous the District Court’s determination that Williams is not disabled from performing ordinary labor by reason of pain upon exertion, which determination is based upon the minimal slippage and symptoms,, the fact that Williams' did perform certain heavy labor on several proven occasions without suffering apparent pain, and upon serious doubt as to Williams’ credibility due to several material and,apparently deliberate inaccuracies in his testimony.
Able counsel for plaintiff most persuasively argues that the preponderance of the evidence indicates Williams to be disabled by reason of the accident of June IS, 19SS, since the medical testimony indicates a physical basis for his complaints and that his complaints as to location, etc., of the’ pain are what should be expected if his spondyolisthesis was genuinely aggravated; since he had worked steadily for defendant for thirteen years, with only one previous industrial accident (producing two weeks’ disability, about seven years before the present accident) ; since occasional work without pain or from economic necessity does not disprove disability from employment at continuous hard labor; and since the inaccuracies in testimony might be ascribed to plaintiff’s poor intelligence, and do not materially disprove plaintiff’s claim to disability.
If the function of an appellate court were to judge solely on the basis of the cold typewritten record without regard to the District Court’s findings, these forceful arguments might prevail. But the trial court’s factual determinations are not to be disregarded on appellate review unless manifestly erroneous; especially when as here based upon the credibility of witnesses, since the District Court saw and heard the witnesses apd is in a better position than an appellate court to decide whether a version of an accident or a disability is nevertheless truthful despite contradictory testimony or contradicting circumstances.
For the above and foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.