HARDY, Judge.
This is a compensation suit in which plaintiff claims to have suffered total permanent disability in the nature of a back injury as the result of an accident while engaged in performing the duties of his employment. From a judgment rejecting plaintiff’s demands he has appealed.
The facts of the case are correctly set forth in the district judge’s written reasons for judgment, which we quote in full, as follows:
“This is a suit for workmen’s compensation by Marvin W. Wyátt against a partnership of Hall and Cooper and the individual members thereof, Howard Hall and B. L. Cooper, and also against Consolidated Underwriters, who are the insurers of Gross and Janes Company, of whom plaintiff alleges that he was an employee or sub-employee.
“Plaintiff alleges that he suffered an accident on or about the 6th day of December, Í9S6, while lifting a cross tie to be loaded on to a truck. He further alleges the usual scatterload allegation which is all embracing and all inclusive, that he sustained an injury to the bones, muscles, tendons, tissues, cartilages, ligaments, joints, nerves, flesh and intervertebral discs of his back, and then narrows it specifically to a nerve root compression diagnosed as a ruptured intervertebral disc.
“He is seeking to recover compensation based on an average weekly wage of $52 per week of the partnership of Hall and Cooper and the individual members thereof, and of Consolidated Underwriters, the insurer of Gross and Janes Company. Counsel has reduced this to $48 per week in his brief filed herein.
“Defendants Hall and Cooper have answered and admitted the employment, but denied that plaintiff was injured at the sawmill being operated by them and denied that he had ever reported an injury to them. In the alternative, they have inter-pleaded Gross and Janes Company as parties defendant and called them in warranty.
“The defendant Gross and Janes Company filed exceptions herein which were referred to the merits, and their answer is largely one of general denial. In the alternative, Gross and Janes Company plead that if any judgment should be rendered against them in favor of the plaintiff, that the partnership of Hall and Cooper was-that of subcontractor and that they would be entitled to indemnity from Hall and Cooper under the provisions of [LSA-] R.S. 23 ¡1061-1063.
“In answering the allegation with reference to the call in warranty, defendant Gross and Janes Company allege that their relationship with the partnership of Hall and Cooper was that of vendor and vendee of cross ties manufactured.
“Upon these issues the case was duly taken up and tried and submitted to the Court on briefs.
“In this case, there does not seem to be any serious dispute as to the wages or as to the amount of compensation that the plaintiff would be entitled to if he should recover. The Court has also been spared the ordeal of having to unravel and sift contradictory medical testimony. At least this feature of the case which usually confronts the Court in cases of this kind is absent, for the reason that the only evidence before the Court was that the plaintiff is disabled and was disabled at the time of the trial to perform heavy manual labor.
“The only feature of this case that is seriously contested, and which has caused the Court any concern, is whether or not the plaintiff has suffered an accident within the intendment of the law and the contemplation of the statute.
I listened to the case very attentively at the time of trial and have since had occa *539 sion to review the evidence very carefully, as well as briefs of counsel, as there is such a wide discrepancy between the plaintiff’s evidence and that of some of his fellow workmen.
“The cases are legion, and it is so well settled in our law that it requires no citation of authorities here, that the plaintiff must prove his case by a preponderance of evidence in a compensation case as well as in all other cases, although greater liberality is allowed in cases of this kind than in others.
“The cases are also legion, and it requires no citation of authority here that even though there is no witness to the accident, his evidence may be taken as confirming the accident if he is corroborated by existing circumstances. I think this is a good principle of law, because oftentimes an accident can happen to a laborer on the job where there would be no witnesses and if he is of otherwise good character and worthy of belief, his statement with reference to the accident should be taken if there are other corroborating circumstances in connection with it.
“I think it is also proper that a court should be liberal in introduction of evidence in a case of this kind, and also that minor doubts should be resolved in favor of the employee. However, the Court is confronted with the principle of law that the plaintiff must establish his case by a preponderance of evidence, and that the statute is very plain that there must have been an accident giving rise to the injury. In this particular case the plaintiff’s evidence is so fraught and shot through with the inconsistencies that it is hard to accept it as being a true representation of an accident having happened.
“Plaintiff testified that on the date of the accident he was helping to load some cross ties on the top of a truck and that he felt a sharp pain in the lower part of his back; that it was about quitting time and he performed no work thereafter, and that he caught a truck with other laborers to'return to his home. He did not tell the' men he was working with that he had suffered the injury, neither did he mention it to any of the other members of the sawmill crew that went on the truck. He further testified that the last tie was placed on the cap or rocking bolster. Whereas, Mr. Cooper, who was assisting in loading it, and the other laborer, Odis Brown, testified that the last tie was placed on the truck and that Odis Brown bound the load down and carried it to Provencal. On this feature the plaintiff is disputed by one of the defendants and a disinterested laborer who was there at the time.
“It is entirely possible, but it is rather a strange coincidence that the plaintiff suffered the accident that he complained of, if such happened, while assisting in the loading of the last tie at approximately the last minute of the working day.
“He further testified that when he got off of the truck to go to his home that he was stooped over and some of the laborers told him to ‘straighten up, we want you back tomorrow’ or words to that effect. This is denied by those laborers who were on the truck, that he walked in any stooped position or any unusual manner and that any such remarks were made.
“He further testified that he had performed no labor since the work was done, but evidence was introduced by Mr. Raymond Hamous that he helped him cut pulpwood about Christmas time and loaded iron junk and told him that he did not want anyone to see him working as he was trying to get a little money. This was denied by the plaintiff. Counsel for plaintiff in his brief refers to Mr. Raymond Hamous as a ‘jailbird’ but Mr. Hamous has testified that the plaintiff was arrested each time he was and plaintiff admits to several arrests for various and sundry misdemeanors as apparently both Mr. Hamous and the plaintiff were in the same boat as to being ‘jailbirds’, if any such appellation were to be given to either.
*540 “This is a most unusual case in that not a single witness has been introduced to corroborate the plaintiff in his version of the accident or what transpired thereafter, but rather he is disputed on most of it. From experience as an attorney and from a long number of years on the bench, it has been my observation that laborers will usually corroborate each other if there has been an accident and that no action is taken against them by their employers if they do. It seems exceedingly strange that the plaintiff could not produce one laborer to corroborate him, but practically all of them testified in impeachment of various material factors in the presentation of this case.
“I have not invoked the very seldom used rule of evidence of ‘falsus in uno, falsus in omnibus’, but this is one instance in which I think the doctrine or rule of evidence would apply. It is not an inflexible rule, neither is it mandatory or compulsory, but is permissive. Also, it should not be invoked in cases where there may be discrepancies in the witnesses’ testimony by reason of mistake or inaccuracy. However, in a case of this kind, where a witness is depending for proof of an accident upon his statement alone, and his statement with reference thereto seems to be disputed in so many material features by disinterested witnesses and who were his fellow laborers, I am of the the opinion that there was an effort on his part to mislead the Court.
“The last expression of our Supreme Court on this that I have been able to find is as follows:
“ ‘The testimony of witness could not be favorably considered where he had testified untruthfully regarding other matters.’
“ ‘The maxim “falsus in uno, falsus in omnibus” applies and therefore no part of his statement is entitled to credence.’ Dixie Homestead Ass’n v. Schmitt, La.App., 181 So. 218.
“The only corroborating evidence that was introduced was what he had told his family consisting of his brother-in-law, M. L. Allen, and his wife and two children, at the time that he returned home from work. These witnesses testified to each minor detail exactly what was said and done at the time and during the night with methodical regularity, precision and by rote. But of course their testimony would be corroborative only in so far as credence might be given to the plaintiff as to what he told them and as to his actions. It might also be noted here that his brother-in-law, Mr. M. L. Allen, had been ‘through the mill’ before on damage and compensation suits. They were either well schooled or had schooled themselves very well as it impressed the Court at the time they gave their testimony.
“Learned counsel for plaintiff urges very strenuously in his brief that some pressure had been brought to bear by the defendant Cooper on the witnesses in that they worked for him, traded with him at his store, and probably owed him some money. However, Mr. Cooper and other laborers denied that he talked to them about the case other than collectively to determine if an accident had happened and how it happened. I think the evidence well confirmed the fact that quite a great deal of pressure was put on the witnesses by the plaintiff and his brother-in-law, Mr. M. L. Allen, who visited some of the witnesses at night and also by the plaintiff and his counsel who made trips to see them.
“However, I was particularly impressed with the evidence of Mr. Cooper and the colored man, Carey Scarborough, in this case. They and others of these witnesses, some of whom were colored men, stood up under a very severe and searching cross examination by counsel for plaintiff. At times some of these colored witnesses were reticent and reluctant under the circumstances and under the kind of cross examination that they were subjected to, but on the whole, as to pertinent matters, they were not shaken.
“I am convinced from the evidence in this case that the plaintiff has not dis *541 charged the responsibility placed upon him of proving his case by a preponderance of evidence as to the happening of an accident. I had that feeling at the time of conclusion of the trial and the feeling still exists that little credence is to be given to the plaintiff in this case, and there is no corroboration, of the happening of an accident other than what he has said or done.
“The factor that I can see that is most favorable to the plaintiff in this case is the fact that he reported to Dr. Pierson about three or four days later and he found a disabling condition in his back to do heavy manual labor; which was later confirmed by Dr. J. B. Sutton. It was not shown to be of recent origin. It might be observed that the work being done by the plaintiff, who had worked for the defendants only three days, was that of peeling and spurring ties, which did not require as much heavy physical effort as some of the other jobs.
“I am very firmly of the belief that a litigant who comes into Court must do so with clean hands. If he is seeking relief from any grievances that he might have, or to redress any wrong that he feels that he has suffered, then his testimony should be of such representative character and truthfulness that would entitle it to weight and credence to be given to it by the court.
“This case should be further discussed, but having arrived at the conclusion that I have, the plaintiff’s evidence does not impress me as representing a true state of facts. Taking all of the evidence as a whole, plaintiff’s evidence has been impeached in so many material facts by other witnesses, most of whom are disinterested, that I am of the opinion that his demands should be rejected.”
After our examination of the record we find ourselves in complete and thorough ac-tord with the analysis and the conclusions of our learned brother of the district Court. Ordinarily we would be inclined to adopt the above quoted opinion as our own without further comment, but the instant case has been presented by counsel for the parties litigant with such sincerity and zeal, and in such detail of argument and briefs, that we feel some phases of the case merit elaboration in this opinion.
At the outset we observe that no questions of law are here involved. The only legal principles concerned are so well established as to obviate the necessity of discussion. On behalf of plaintiff it is contended that, even in cases in which the employee does not produce eye witnesses of the alleged accident, he is not barred from recovery if his version of the accident and injury is corroborated by surrounding circumstances. This principle is so well established that it does not admit of argument.
On the part of defendants it is urged that a plaintiff in a compensation case, must establish his claim by a satisfactory preponderance of the evidence. Again it is to be observed that this principle of law is no longer open to question.
The only issue which is tendered by this appeal involves a question of fact as to whether plaintiff has established the occurrence of the accident from which his injury resulted.
Counsel for plaintiff zealously argues that plaintiff should not fail to recover in the instant case because of the lack of eye witnesses to the accident who might corroborate his story. If this were the situation which existed, certainly, counsel would be correct in his conclusion, but such is not the case. Plaintiff’s difficulty in the instant case arises not from a lack of eye witnesses but rather from the complete, thorough and positive contradiction of his story of the alleged accident by a number of witnesses mho were present at the time and place of such alleged occurrence.
Counsel has freely and somewhat violently attacked the witnesses for defendant in the instant case on the ground of interest, as well as indulging in accusations which *542 reflect upon the veracity and character of certain of the witnesses. We do not find any justification for these attacks. There is no more reason for rejecting the testimony of a defendant in a case on the ground of interest than for rejecting the testimony of a plaintiff on the same ground.
Plaintiff’s version of the alleged accident has been overwhelmingly refuted by the witnesses for defendant. All these witnesses came under the eye of the district judge, who, in his opinion, repeatedly emphasized his close attention to the testimony. The district judge not only accepted the testimony of defendant’s witnesses but he rejected as false much of the testimony of the plaintiff himself. On this point counsel for plaintiff urges error on the ground that the district judge, while applying the doctrine of “falsus in uno, falsus in omnibus”, did not support his action by assigning his reasons therefor. We are unable to agree with distinguished counsel in this observation, for the district judge’s opinion is replete with observations as to instances in plaintiff’s testimony which justified his application of the doctrine cited. On this point we think it advisable to recapitulate our own conclusions with reference to the validity and weight of plaintiff’s testimony.
Plaintiff testified that the accident occurred as he was assisting a follow laborer, one Odis Brown, in lifting the last of 100 ties onto the truck which they were engaged in loading; that no one else was present at the time; that because of his pain the tie was simply placed on the rocking bolster of the truck and not on the top of the load ; that he immediately left the vicinity of the truck and sat down to recover from the pain he suffered; that he was in a bent and stooped position, unable to stand erect; that this condition was noticed by another fellow employee, one Carey Scarborough; that he rode the truck to a point within approximately a quarter of a mile of his home, and thát his condition was noticed by some ■of his fellow employees.
The above facts, as testified by plaintiff, were not only uncorroborated but were squarely and decisively controverted by the testimony of other witnesses. Both plaintiff’s fellow employee, Odis Brown, and his employer, Mr. Bob Cooper, testified that they were present with plaintiff, participating in the loading operations; that the last tie was placed on the load and not on the truck bolster, and that plaintiff made no complaint and gave no indication of having suffered an injury. The witness, Carey Scarborough, denied observing or making any comment as to plaintiff’s condition and testified that he was late bringing up the truck in which plaintiff and other laborers were taken away from the site of the logging operations.
We might continue with specific instances almost ad infinitum, but we think further details in this connection would serve only to unnecessarily prolong this opinion, and would add nothing except similar illustrations, in the nature of cumulative weight, to the already inescapable conclusion that plaintiff’s testimony with reference to the occurrence of the alleged accident was amply proven to be unworthy of belief.
Counsel emphasizes, by way of corroboration of plaintiff’s story, the testimony of plaintiff’s sister, brother-in-law and two nephews. While it is quite true that these witnesses attempted to verify plaintiff’s testimony as to his condition upon reaching home after the alleged accident and his subsequent total disability, it is, nonetheless, also true that this testimony was seriously questionable. The testimony of these witnesses was so pat and so uniform in detail as to arouse suspicion. On one point the testimony of plaintiff’s sister was squarely refuted by a witness for the defendant. It was established that plaintiff’s brother-in-law, prior to trial of the case, had been involved in an altercation with another party who was called as a witness by defendant, the difficulty'being provoked by the brother-in-law’s dissatisfaction with his adversary’s version of facts bearing ■upon plaintiff’s claim.
*543 One of defendant’s witnesses was severely castigated and his testimony was strongly criticized because of the witness’s police record for violations of the peace and his numerous arrests for this and other misdemeanors. This attack loses much of its effect in view of the fact that plaintiff himself was also involved in a number of these infractions of the law.
Careful consideration of the testimony of the witnesses in the instant case has served to confirm us in the conclusion that plaintiff did not suffer the accident which he contends to have been the cause of his injury and disability.
The judgment appealed from is affirmed at appellant’s cost.