TATE, Judge.
The defendant insurer appeals from an award to plaintiff employee of workmen’s compensation benefits for total and permanent disability. Plaintiff answers the appeal, requesting that the judgment be amended so as to award him penalties and attorney’s fees for the alleged arbitrary non-payment of weekly compensation.
At the time of the accident of August 17, 1955, plaintiff Levy was employed by the Town of Abbeville, defendant’s insured, as a garbage collector, his duties requiring heavy manual labor. On the date in question, Levy slipped off the garbage truck and was hit across his back. For six days he was hospitalized for treatment of various cuts and bruises and for observation. He was then discharged with complaints of pain in the back and right hip, which complaints have persisted to the present.
The very substantial preponderance of the medical evidence indicates that Levy is presently disabled from performing heavy manual labor because of an unstable *562 back. Dr. Jack Wickstrom and Dr. James J. Gilly, orthopedists, and Dr. Ardley Hebert, general practitioner (under whose treatment or supervision Levy has been since the accident), all definitely found Levy to be so disabled because of an aggravation resulting from the accident of a preexisting spondylolisthesis. Dr. Homer Kirgis, neurosurgeon, also found the spon-dylolisthesis to exist but stated that, in the ultimate analysis, a diagnosis of plaintiff’s disability depended upon whether his complaints of pain on use of the back were genuine.
On behalf of defendant, Dr. Joseph Edel-man, neurologist, felt that there was no residual disability which could be ascribed as due to the accident in question.
Plaintiff, a 37-year old common laborer, testified that he had worked without pain in his back at hard manual labor throughout his life prior to the accident. He had performed his duties as garbage collector satisfactorily and without pain during the fourteen months of his employment before the present accident. Plaintiff Levy was corroborated in this testimony by several co-employees, neighbors, and acquaintances. Such testimony is not at all contradicted.
We think that the District Court’s determination that plaintiff is totally disabled as a result of the present industrial accident’s having aggravated a pre-existing spondylo-listhesis, with symptoms previously dormant but activated by the injury sustained in the accident, is supported by the vast preponderance of the medical and the lay testimony in this record. The judgment below awarding compensation for total and permanent disability for such an injury, as the aggravation of a latent weakness into a painfully disabling one, should be affirmed. Hebert v. Hartford Accident & Indemnity Company, La.App. 1 Cir., 88 So.2d 243; Skyles v. United Investment Corporation, La.App. 2 Cir., 46 So.2d 662; cf. Williams v. White, La.App. 1 Cir., 91 So.2d 83.
Eminent counsel for the defendant-appellant also suggests that the medical evidence indicates that the persistence of the claimant’s present disability is due to his own obesity, and that such residual disability should be held noncompensable as resulting primarily from the claimant’s failure to lose weight and minimize the disability, rather than from the accident in question. The medical testimony indeed does indicate that were Levy not so obese the disability might have been ended within six months to a year after the accident; and that could Levy (who weighs about 230 lbs. and has a height of S' 6") lose considerable weight, the disability of his back could be materially reduced to about 15% restriction of motion in his back rather than the present 60% loss of mobility thereof.
However, the testimony of Levy and the lay witnesses indicates that he has been of this weight throughout his life, and the doctors’ testimony corroborates the common observation of the extreme difficulty of humans to lose weight from their lifelong average, one doctor further remarking that a low income individual (such as plaintiff) would have particular difficulty since the weight-producing starches and sweets are much more inexpensive foods than those found in the low-calorie diets generally recommended.
Contentions similar to those made by the present defendant-appellant were rejected by us in Guillory v. Reimers-Schneider Company, 94 So.2d 134. We pointed out there that the employer must take the worker as he finds him, that the persistence of a work-caused disability resulting from the employee’s natural obesity is compensable, and that the employee’s failure to lose weight could not in itself be regarded as a wilful failure to cooperate which would be the cause of the continued disability. In the Guillory case we further noted the great difficulty of a common laborer who has done heavy manual labor throughout his days to lose weight during a period in *563 which condemned to inactivity by disability and pain.
In re-urging in this court his request for penalties under LSA-R.S. 22:658 for arbitrary non-payment of weekly compensation due, the plaintiff-appellee with some force points out that the defendant insurer terminated compensation upon the report of Dr. Edelman, a neurologist, that plaintiff was not disabled, even though the medical testimony indicates that the disability in question- — -which undoubtedly exists — was primarily orthopedic.
However, the record does not reflect that a neurologist is incompetent to diagnose the disability in question, nor does it indicate any bad faith attempt by the insurer to secure an adverse medical report simply for the purpose of terminating compensation. We are unable to say that the District Court erred in its denial of penalties.
For the above and foregoing reasons, the judgment of the- District Court is affirmed.
Affirmed.