108 So.2d 1 (1958)
Willie Lee PAGE, Plaintiff-Appellant,
v.
TREMONT LUMBER COMPANY, Defendant-Appellee.
No. 8830.
Court of Appeal of Louisiana, Second Circuit.
December 19, 1958.
Gahagan & Gahagan, Natchitoches, for appellant.
Theus, Grisham, Davis & Leigh, Monroe, for appellee.
*2 AYRES, Judge.
This is an action for workmen's compensation. Plaintiff seeks to recover of his former employer compensation as for total and permanent disability resulting from an accident allegedly occurring within the course and scope of his employment and in the course of the employer's business of operating a sawmill at Joyce, Louisiana. The defense is that no accident was involved and that plaintiff neither suffered accidental injuries, nor was disabled on that account. It was further contended that plaintiff was only temporarily disabled from illness, on account of which he made claim and was paid the benefits and medical expenses under a group hospital or sick benefit policy. After trial, the court concluded from the evidence that plaintiff was not involved in an accident while employed by defendant and, therefore, received no accidental injuries for which compensation should be paid. Hence, plaintiff's demands were rejected, and from the judgment he appeals.
The record discloses that plaintiff was employed as a common laborer at defendant's sawmill. His duties required that he work alongside a conveyor, 12 to 14 feet wide, extending from the saw to the trimmer. This conveyor, as the word denotes, conveys the lumber and timbers from the saw to the trimmer. Plaintiff's duties included the removal from the conveyor of such slabs and strips as were not properly manufactured, as well as straightening the materials on the conveyor to avoid congestion and in order to keep the conveyor in proper operation.
In the performance of the aforesaid duties, plaintiff claims to have sustained a catch or strain in his back, accompanied by pain, which he says occurred between 9:00 and 10:00 o'clock A.M. on Friday, March 15, 1957, when he reached across the conveyor in an effort to reach a large piece of lumber 2 inches thick and 20 feet in length. Nevertheless, plaintiff continued to work the remainder of the day without making complaint or report to either his foreman or fellow-employees. He returned to his employment Monday and worked the entire day but was admitted to a Winnfield hospital on Tuesday, where he was hospitalized for a period of 8 days, notice of which he caused to be sent to his foreman in order to account for his absence from work.
After his discharge from the hospital, plaintiff sought from its foreman authorization to the doctor, apparently for the hospitalization he had already received. In the course of the conversation plaintiff claimed that he was injured, but did not know the circumstances of the occurrence, nor when or where it happened. While in the hospital he was under the care and treatment of Drs. John T. Mosley and John R. McElwee. To neither did he make any report or give any history of an accidental injury. However, plaintiff made claim for hospitalization and sick benefits under a group policy with the American Mutual Liability Insurance Company, in which his ailment was diagnosed as acute lumbosacral myositis.
Plaintiff resided at Campti, Louisiana, approximately 35 miles from his place of employment. Plaintiff traveled by automobile to and from work. He was usually accompanied by three fellow-employees. No complaint was made to them on Friday, while returning to Campti, that he sustained any accidental injury. Only one of the three fellow-employees testified, who said plaintiff informed him on the following Monday he was injured and asked him to drive plaintiff's automobile, which, however, he declined to do, and plaintiff continued his driving.
The trial court was convinced not only that plaintiff was guilty of exaggeration in his testimony but that, in fact, he was not injured while working for the defendant, and points out that while plaintiff claimed to have been handling 2 inch lumber 20 feet in length, the records of the mill showed that on the day plaintiff claimed *3 to have been accidentally injured only 1 inch lumber was processed, none of which was near 20 feet in length.
Neither does the record support plaintiff's claim as to the cause of his failure to promptly report the accident and make complaints to his employer. This failure is claimed to be due to his ignorance and lack of knowledge on the subject. The record, however, discloses that plaintiff had been injured 4 years before and had received compensation to the extent of $1,500. It could not be said, therefore, he was wholly ignorant of his rights or unfamiliar with the procedure in reporting an accident or claim for accidental injuries.
Applicable to the issues presented for determination are these well settled principles of law, (1) that the plaintiff in a workmen's compensation case bears the burden of proof and is required to establish his or her claim to a legal certainty by a reasonable preponderance of the evidence; establishment of a claim to the extent only of possibility or even unsupported probability is not sufficient, and (2) that conjecture and probability may not serve as a basis for a judgment in workmen's compensation cases. These rules are so firmly established in the jurisprudence of this State that citation of authorities would appear unnecessary; however, some of the more recent cases are: Green v. Heard Motor Co., Inc., 224 La. 1077, 1078, 71 So.2d 849; Keener v. Fidelity & Casualty Co. of New York, La. App., 96 So.2d 509; Davis v. Reynolds, La.App., 96 So.2d 368; Robbins v. Chicago Mill & Lumber Co., La.App., 76 So.2d 635; Smith v. International Paper Co., La.App., 73 So.2d 652; Driggers v. Coal Operators Casualty Co., La.App., 73 So.2d 602; Roberts v. M. S. Carroll Co., La.App., 68 So.2d 689; Hogan v. Stovall Drilling Co., Inc., La.App., 55 So.2d 284.
From the above and foregoing review of the evidence, particularly from plaintiff's failure to report the accident to his employer or to make complaints thereof to either his foreman or fellow-employees or to either of the two doctors who treated him over a period of 8 days, and due to his application for and his collection of sick and hospital benefits under a group insurance policy as for illness, it could only be concluded that plaintiff has failed to establish the occurrence of an accident or that he sustained accidental injuries in the course and scope of his employment with the defendant by a reasonable preponderance of the evidence and to that degree of legal certainty, as required by law. It, therefore, follows, in our opinion, that the trial court's conclusion that plaintiff had failed to establish his case is correct.
For these reasons, the judgment appealed is affirmed at appellant's cost.
Affirmed.