134 So.2d 717 (1961)
Fabien GUILBEAUX, Plaintiff-Appellant,
v.
TRINITY UNIVERSAL INSURANCE COMPANY, Defendant-Appellee.
No. 395.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1961.
Babineaux & Huval, by Allen Babineaux, Lafayette, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe, by Richard C. Meaux, Lafayette, for defendant-appellee.
Before TATE, FRUGÉ, and SAVOY, JJ.
FRUGÉ, Judge.
This is a Workmen's Compensation suit brought by plaintiff-appellant, Fabien Guilbeaux, for total and permanent disability as a result of an accident which allegedly occurred in the course and scope of his employment with Jack Guilbeaux, plaintiff's brother. The defendant is Trinity Universal Insurance Company, the Workmen's Compensation insurer of the said employer. From a judgment denying total and permanent disability plaintiff appeals.
The plaintiff claims that he met with an accident on or about October 23, 1956, while performing his occupational duties as a carpenter during the course and scope of his employment with Jack Guilbeaux, when he fell from a scaffold; and that this accident resulted in a ruptured intervertebral disc which has rendered him totally and permanently disabled from performing his work as a carpenter.
The only question presented is whether plaintiff has proven the occurrence of an accident arising out of and within the scope of his employment as provided in the workmen's compensation law, LSA-R.S. 23:1021 et seq. There is no question but that the employment of the petitioner was a hazardous one under the act, and there is also no question that plaintiff did suffer from a back injury.
From the record, it appears that plaintiff himself was the only person who testified *718 as a witness to the alleged occurrence of the "accident". According to plaintiff, on the day of the accident, some time between 9:00 and 12:00 a. m., he was standing on one end of a scaffold board boxing rafters, when plaintiff's cousin Raoul Guilbeaux, who was standing on the other end of the board, stepped off, causing plaintiff's end of the board to tilt, throwing plaintiff four feet to the ground. Plaintiff testified that he immediately felt pain in his back, and therefore sat on the ground and relaxed. After a while, however, plaintiff returned to work, although, plaintiff states, with very much pain; at that time the plaintiff did not inform his co-worker of his injury and pain. Plaintiff further testified that he continued to work until November 8, 1956, never missing any time.
The court has noted that no one, other than plaintiff, testified as witness to the occurrence of the alleged accident. Under the jurisprudence of this State, a workmen's compensation claimant can prove the occurrence of an accident by his own testimony, however, there also can be no dispute that such evidence is sufficient to establish an accident only if there is nothing to discredit plaintiff's testimony and only if his testimony is corroborated by the surrounding circumstances. The rule was stated by the First Circuit Court of Appeal in Garrett v. Gaylord Container Corp., 71 So.2d 373, 376:
"`In view of the testimony in this record, which I have heretofore sought to fairly analyze, it is impossible for me to reach the conclusion, even if plaintiff is suffering from acute epididymitis, that it was brought about by accidental injury suffered by him in the course and scope of his employment.
"`I recognize the proposition that there is precedent in our jurisprudence for the application of the general principle that the testimony of a plaintiff alone is sufficient to make out his case, but this is subject to the further condition that there is nothing to discredit the plaintiff's account of the accident and the resulting disability and his statements are supported by the surrounding circumstances. As heretofore pointed out, there is much to discredit plaintiff's account of this accident and resulting disability, and as further pointed out, his statements as to the accident and resulting disability are not supported by the surrounding circumstances. See Franks v. Department of Highways for Louisiana, La. App., 43 So.2d 491; O'Connor v. American Automobile Insurance Co., La.App., 32 So.2d 624.'"
And, in Franks v. Department of Highways, 43 So.2d 491, the Court states at page 492:
"We concede the proposition urged by learned counsel for plaintiff to the effect that there is precedent in our jurisprudence for the application of the general principle that the testimony of a plaintiff alone is sufficient to make out his case, but only, as was well stated in Dolhonde v. Gullett Gin Co., La.App., 25 So.2d 104, 106: `* * * if there is nothing to discredit his (plaintiff's) account of the accident and resulting disability, and his statements are supported by the surrounding circumstances.'"
In determining whether the evidence as to the surrounding circumstances corroborate plaintiff's testimony in cases such as the one at bar, the Court regards as determinative whether or not the testimony of the plaintiff's fellow employees and his employer, and also the doctors who treated him after the alleged accident substantiates or contradicts plaintiff's testimony as to the surrounding circumstances.
From the testimony of plaintiff's co-workers Delise Babineaux and Raoul Guilbeaux, it is clear that they knew nothing of plaintiff's back trouble until the day plaintiff left work, two weeks after the *719 date of the alleged accident, when plaintiff came to work complaining that his back was hurting; and even then plaintiff did not tell them of any accident on the job. Further it is also clear from the testimony that the two co-workers noticed nothing wrong with the plaintiff during the two weeks, despite the fact that he was allegedly in great pain. Plaintiff's testimony is not corroborated by his brother and employer, whom plaintiff called as a witness in his behalf, and who testified that plaintiff did not tell him about hurting his back until after plaintiff had been operated on, which was about a month after the alleged accident.
Although plaintiff had numerous medical consultations with various doctors between November 1956 and November 1957, he did not relate to any of the doctors who saw him any history of injuries to his back while working for his brother, Jack Guilbeaux. If plaintiff did have an accident on the job which caused his ruptured disc and produced his back symptomatology, it is probable that he would have told the doctors whom he consulted for treatment about it.
In Page v. Tremont Lumber Co., 108 So.2d 1, the plaintiff claimed to have injured his back while reaching across a conveyor to reach a large piece of lumber two inches thick and 20 feet in length. Plaintiff testified that he continued to work the remainder of the day, and that he returned to his employment Monday and worked the entire day, but was admitted to a Winnfield hospital on Tuesday, where he was hospitalized for a period of eight days, his ailment being diagnosed as an acute lumbo-sacral myositis. However, plaintiff did not tell his employer or his foreman or his fellow employees or either of the two doctors who treated him in the hospital of any accidental injury. The Court in holding for the defendant, stated at Page 3:
"From the above and foregoing review of the evidence, particularly from plaintiff's failure to report the accident to his employer or to make complaints thereof to either his foreman or fellow-employees or to either of the two doctors who treated him over a period of 8 days, and due to his application for and his collection of sick and hospital benefits under a group insurance policy as for illness, it could only be concluded that plaintiff has failed to establish the occurrence of an accident or that he sustained accidental injuries in the course and scope of his employment with the defendant by a reasonable preponderence of the evidence and to that degree of legal certainty, as required by law. It, therefore, follows, in our opinion, that the trial court's conclusion that plaintiff had failed to establish his case is correct." (Emphasis ours.)
In Cascio v. Standard Oil Co. of New Jersey, 32 So.2d 66 (writs denied February 16, 1948) the plaintiff testified that on August 26, 1944, while working on his employer's premises, he slipped off a boardwalk and fell on his hip. According to the plaintiff he told his foreman on the same day that he had been hurt, and he went on with his work. The plaintiff testified that in two or three hours he went to the first aid station and reported his injury to the first aid attendant, who found a large bruised place on the left hip caused from the fall. Plaintiff testified that he also told the attendant at the time that he had pain in his groin. The plaintiff continued to work but had pain in his groin, and he was finally forced to quit because of an inability to carry on his work. Thereafter, it was discovered that he had a hernia. The first aid man, while stating that the plaintiff complained of a bruise on his hip, denied that the plaintiff had made any complaint of pain in his groin, and several of plaintiff's fellow employees testified that he had never complained to them about any accident or pain in his groin while working on the job after the accident. The Court rendered judgment in favor of the defendant, *720 finding that there was no accident, and stating, at page 68:
"The courts have held in many cases that a claim for compensation may be proved by the testimony of the plaintiff alone, but his testimony must not only be reasonable and consistent, but it must also be supported by the surrounding circumstances. In this case plaintiff's testimony is not altogether consistent and reasonable. It is difficult to understand why some one of the employees who were present when plaintiff claims to have sustained the herniae did not know more about his injury and more particularly is it strange that he never told any of his fellow-workers about having pain in his groin."
In Wyatt v. Consolidated Underwriters, 98 So.2d 537, there was no question that the plaintiff was disabled, and the only question was whether the plaintiff had proven an accident within the course and scope of his employment. The plaintiff's testimony of an accident was corroborated by the testimony of his sister, brother-in-law and two of his nephews, as to what plaintiff told them when he came home from work that night. However, the Court held that there was no accident, stating, at page 542:
"Plaintiff testified that the accident occurred as he was assisting a fellow laborer, one Odis Brown, in lifting the last of 100 ties onto the truck which they were engaged in loading; that no one else was present at the time; that because of his pain the tie was simply placed on the rocking bolster of the truck and not on the top of the load; that he immediately left the vicinity of the truck and sat down to recover from the pain he suffered; that he was in a bent and stooped position, unable to stand erect; that this condition was noticed by another fellow employee, one Carey Scarborough; that he rode the truck to a point within approximately a quarter of a mile of his home, and that his condition was noticed by some of his fellow employees.
"The above facts, as testified by plaintiff, were not only uncorroborated but were squarely and decisively controverted by the testimony of other witnesses. Both plaintiff's fellow employee, Odis Brown, and his employer, Mr. Bob Cooper, testified that they were present with plaintiff, participating in the loading operations; that the last tie was placed on the load and not on the truck bolster, and that plaintiff made no complaint and gave no indication of having suffered an injury. The witness, Carey Scarborough, denied observing or making any comment as to plaintiff's condition and testified that he was late bringing up the truck in which plaintiff and other laborers were taken away from the site of the logging operations."
In Ike v. Johnston, 55 So.2d 21, the Court found that the plaintiff was disabled as the result of a hernia, and the question was presented whether there was an accident within the course and scope of his employment. The plaintiff testified that on June 19, 1950 he was rolling a wheelbarrow full of cement, when the wheel fell through a slot on the runway, and caused the handle to hit him on the left side. The plaintiff stated that he immediately experienced a feeling of pain and nausea. The plaintiff further testified that two fellow employees had seen the accident, but these fellow employees denied it, although one claimed that the plaintiff had complained to him. The Court held that no accident had been proven, stating, at page 24:
"This case is very similar to the case of Knox v. Ethyl Corp., La.App., 53 So.2d 443 and the case of Collins v. Permanente Metals Corporation, La.App., 42 So.2d 324. In both of these cases it was concluded by the *721 trial courts and by our court that the plaintiff was suffering from a small inguinal hernia but as concluded by the trial judge in the case at bar, although it has been recognized that in some cases the testimony of the plaintiff alone, to the effect that he sustained an accident during the course of his employment, would suffice, provided there was sufficient corroborating circumstances to justify the conclusion that in fact an accident did occur, such corroborating circumstances did not appear in the cited cases as well as in the case at bar and to say that the plaintiff suffered an accident as alleged would be merely a guess. In the case at bar, the surrounding circumstances, such as the fact that the physicians who examined plaintiff shortly after his alleged accident failed to find any evidence of trauma, and the further fact that plaintiff failed to complain of any accident until several days after the alleged accident, are more to the effect that no accident occurred, rather than in corroboration of plaintiff's testimony."
In Casanova v. Employers Liability Assur. Corp., 6 So.2d 680, plaintiff testified that he was operating a tractor, when it struck a stump, and his knee hit the throttle. The plaintiff continued to work that day and a few days afterwards, then went to see a doctor, and was then sent to the Charity Hospital where the cartilage was removed from his knee. There was no question but that the plaintiff did have disability as a result of a knee condition. However, the Court found for the defendant on the ground that no accident had been proven, stating, at page 682:
"After a careful review of the record and of the facts above outlined, we cannot say that he is in error. Had plaintiff not failed to complain or notify the superintendent of the defendant corporation, had he not failed to give such a history to Dr. Smith and to the superintendents of the hospitals at Independence and New Orleans, we possibly could say that his testimony to the effect that he suffered an injury on or about May 15, 1940, would be sufficient to grant him compensation. He is not corroborated by any testimony or surrounding circumstances of any such occurrence or accident. Plaintiff relies on several cases where compensation was granted solely upon the testimony of claimant, among those cases being that of Sumrall v. E. I. Du Pont De Nemours & Co., La.App., 1 So.2d 430, in which the writer was the organ of the Court. In the cases relied upon by plaintiff, and more so in the case of Sumrall v. E. I. Du Pont De Nemours & Co., supra, the testimony of the Plaintiff as to the occurrence of the accident was consistent with prior statement and was also borne out by other circumstances of the case. Such is not the case at bar. Plaintiff, in this case, has failed to prove to a legal certainty that he sustained an accident on or about May 15, 1940, resulting in an injury to his knee or the aggravation of a pre-existing injury." (Emphasis ours.)
There are many other cases in which the Courts have found for the defendant on the grounds that plaintiff has failed to prove an accident, where the plaintiff did not report the accident to his fellow employees or his employer or the doctors who treated him, or did not complain to them of pain.
We feel that plaintiff had an excellent opportunity to timely mention the alleged "accident" to his co-workers, his employer, and his own doctors, and his failure to do so casts great doubt in our minds that an accident did occur arising out of and within the scope of his employment.
In Johnson v. Cloud, 125 So.2d 478, 482, the Court of Appeal, Third Circuit, stated:
"The jurisprudence of this State has been established to the effect that in a *722 compensation case, as in other cases, plaintiff bears the burden of proof, and he is required to establish his claim with reasonable certainty by a preponderance of the evidence. Burk v. Gulf Refining Co. of Louisiana, La. App.1936, 171 So. 135; Dours v. Travelers Ins. Co., La.App.1950, 48 So.2d 817; Caldwell v. Caldwell, La.App. 1950, 55 So.2d 258; Roberts v. M. S. Carroll Co., La.App.1953, 68 So.2d 689, 693.
"In Roberts v. M. S. Carroll Co., supra, for example, the Court of Appeal, Second Circuit, said:
"`Under the circumstances, and in view of the even balance as between the evidential support of the opposing contentions of plaintiff and defendants, we can only conclude that plaintiff failed to support his claim by the requisite preponderance of the evidence. The most that could be said in support of plaintiff's position is that he has succeeded in establishing a possibility of disability resulting from the accidental injury. The jurisprudence of every appellate tribunal of this state has incontrovertibly established the rule that the plaintiff in a compensation case, as in other cases, bears the burden of proof. He is required to establish his claims to a legal certainty by a reasonable preponderance of the evidence. Speculation, conjecture, mere possibility, and even unsupported probability, are not sufficient to support a judgment. These principles have been stated, restated, iterated, reiterated, emphasized and re-emphasized, in almost innumerable decisions, among which we mention only a few of the latest citations: * * *.'"
In Williams v. White, 91 So.2d 83, the Court of Appeal, Third Circuit stated at page 84:
"But the trial court's factual determinations are not to be disregarded on appellate review unless manifestly erroneous; especially when as here based upon the credibility of witnesses, since the District Court saw and heard the witnesses and is in a better position than an appellate court to decide whether a version of an accident or a disability is nevertheless truthful despite contradictory testimony or contradictory circumstances." (Emphasis ours.)
We find that the decision of the lower court is not manifestly wrong; it is our opinion that essentially the plaintiff has failed to prove his case, and the finding of the lower court is correct.
For the reasons assigned the judgment of the lower court will be affirmed.
Affirmed.