GUIDRY, J.
I ¡>In this workers’ compensation proceeding, an employer and its insurer appeal a judgment of the Office of Workers’ Compensation denying their motion to compel rehabilitation and for reduction of benefits, or alternatively, to condition further disability benefits on claimant’s weight loss in compliance with a proper medical treatment plan. For the reasons that follow, we affirm.
*630 FACTS AND PROCEDURAL HISTORY
Midwest Medical Supply Company, LLC employed the claimant, William Jones, on October 12, 2009, as a warehouse clerk. On December 2, 2010, the claimant injured his back while lifting some pallets. Following the accident, the claimant was treated at the Bone & Joint Clinic in Baton Rouge, under the care of Dr. Kevin McCarthy. During the course of his treatment, the claimant was prescribed medication and physical therapy to help alleviate his back pain. When these therapies proved unsuccessful, the patient, whose weight fluctuated at or over 600 pounds, was also given a prescription for Weight Watchers for weight loss.
On March 29, 2012, Midwest Medical Supply Company, LLC and its workers compensation insurer/administrator, Am-erisure Insurance Company (collectively “employer”), filed a form 1008 “Disputed Claim for Compensation” alleging that the claimant had failed to comply with the rehabilitation prescribed for him to lose weight and requested that-.the claimant’s indemnity benefits be reduced retroactive to the date Weight Watchers had been prescribed for the claimant. Alternatively, the employer requested that any future benefits be conditioned on the claimant’s participation with the recommended rehabilitation of weight loss.
The matter proceeded to a hearing before a workers’ compensation judge (WCJ), who found the employer failed to meet its burden of proving that the claimant refused" to cooperate with the rehabilitation services offered. The WCJ Istherefore denied the employer’s claim and dismissed the case. It is from this judgment that the employer appeals.
DISCUSSION
In its sole assignment of error, the employer alleges that the WCJ erred in failing to reduce the benefits payable to the claimant based on an erroneous finding that the claimant was compliant with the prescribed weight loss program when he failed to maintain any weight loss in an eight-month period. We disagree.
Louisiana Revised Statute 23:1226(B)(3) provides, in pertinent part:
(3)(a) ... the employee may file a claim with the office to review the need for such services or the quality of services being provided. The procedure for hearing such claims shall be expedited as provided in R.S. 23:1124.
(c) The expedited procedure shall also be made available to the employer to require the employee’s cooperation in the rehabilitation process. Refusal to accept rehabilitation as deemed necessary by the worker’s compensation judge shall result in a fifty percent reduction in weekly compensation, including supplemental earnings benefits pursuant to R.S. 23:1221(3), for each week of the period of refusal. [Emphasis added.]
This provision providing for a fifty-percent reduction in weekly compensation for a claimant’s refusal to accept rehabilitation is penal in nature and should be strictly construed. Louisiana Workers’ Compensation Corp. v. Mullings, 33,567, p. 4 (La. App.2d Cir.6/21/00), 764 So.2d 205, 208.
Below and on appeal, the employer ardently points out that the claimant’s healthcare providers gave him a prescription for the Weight Watchers program and that this was sufficient to prove that the rehabilitation offered, Weight Watchers, was necessary. The WCJ rejected this contention by observing that the prescription for weight loss appeared to be requested by the claimant, to which the *631 claimant’s healthcare providers acquiesced. A review of the limited medical records submitted into evidence reveals this observation to be true. Moreover, we further observe that the statute expressly states that the penalty of reducing the | claimant’s benefits by fifty percent can only be invoked in the event the claimant refuses to accept rehabilitation that the WCJ has deemed necessary. Strictly construing La. R.S. 23:1226(B)(3)(c), the record does not reveal where the WCJ found weight loss rehabilitation to be necessary; therefore, we find the WCJ did not err in refusing to reduce the claimant’s indemnity benefits pursuant to the statutory provision.
Additionally, we find no error in the WCJ’s finding that the claimant was cooperative and compliant with the weight loss rehabilitation offered to him. In regards to compensation benefits in general, it has been held that a claimant’s recovery is largely dependent on the exercise of his own will to recover and to effect recovery by adherence to a reasonable program of treatment. Therefore, where an employee’s recovery is retarded and his disability prolonged because of his failure to cooperate with his physician and his willful refusal to avail himself of the means for his recovery furnished by his employer, such employee cannot recover compensation beyond the period that would have been necessary for his recovery had he properly cooperated. James v. A&B Builders, 09-0781, pp. 3-4 (La.App.1st Cir.10/23/09), 29 So.3d 541, 543.
Yet, similar to the matter before us, in Levy v. Travelers Insurance Company, 102 So.2d 561, 562 (La.App. 1st Cir.1958), the court noted that the claimant and other lay witnesses had testified that the claimant had been similarly overweight “throughout his life, and the doctors’ testimony corroborates the common observation of the extreme difficulty of humans to lose weight from their life-long average.” The court went on to reiterate “that the employer must take the worker as he finds him, that the persistence of a work-caused disability resulting from the employee’s natural obesity is compensable, and that the employee’s failure to lose weight could not in itself be regarded as a wilful failure to cooperate which would be the cause of the continued disability.” Levy, 102 So.2d at 562-63. | ^Moreover, as observed by the court in Guillory v. Reimers-Schneider Company, 94 So.2d 134, 136 (La.App. 1st Cir.1957), which opinion was cited as authority in Levy:
The inference attempted to be drawn from the employee’s failure to lose weight is ... contradicted ... by common observation that the Lord Who created some of mankind fat and some lean, also created men with unequal abilities to gain or lose weight, through different metabolisms, degrees of will-power, practical opportunities to follow different diets, etc. Certainly the mere failure to lose weight in accordance with a glib medical recommendation cannot in the light of ordinary observation be characterized as proof of willful failure to cooperate with medical treatment.
At the hearing before the WCJ in this case, the employer presented medical evidence indicating the claimant’s injury should have resolved within a few months of the accident and that his pain symptoms persisted due to the claimant’s morbid obesity. The claimant testified regarding his weight at the hearing. He stated that he weighed around 600 pounds when he was hired by Midwest Medical Supply Company, LLC, that he had been overweight since elementary school and over 400 pounds since high school. He further testified that he was compliant with his Weight Watchers’ plan, that he did not *632 consume the amount of daily points allotted to him and that he regularly attended weekly Weight Watchers’ meetings, except for two, which under the program rules, a participant could miss up to two meetings.
Considering this evidence and the foregoing jurisprudence, we cannot say that the WCJ erred in finding that the employer failed to show that claimant willfully refused to comply with the prescribed rehabilitation for weight loss.
CONCLUSION
Accordingly, finding no error in the judgment appealed, we affirm. All costs of this appeal are cast to the appellants, Midwest Medical Supply Company, LLC and Amerisure Insurance Company.
AFFIRMED.