REGAN, Judge.
Plaintiff, John Bryant, who was employed as a laborer by the Lee Door Company, instituted this suit against its insurer, the defendant, Employers Mutual Liability Insurance Company of Wisconsin, endeavoring to recover workmen’s compensation at the rate of $30 per week for a period of four hundred weeks, $1,000 medical expenses, twelve percent penalties and attorney’s fees for total and permanent disability resulting from an alleged accident on April 11, 1955, at about 4:00 P.M. when he slipped and fell on his back while walking on wet boards which covered a portion of the floor of his employer’s plant.
Defendant answered and denied that an accident occurred or, if it did occur, that the plaintiff suffered any compensable disability as a result thereof.
From a judgment in favor of the defendant dismissing plaintiff’s suit, he has prosecuted this appeal.
The facts are unusually simple. Plaintiff was a permanent resident of Franlc-linton, Louisiana, temporarily residing in New Orleans while he was employed as a general laborer by the Lee Door Company, which is located in the Parish of Jefferson, Louisiana. Plaintiff testified that on April 11, 1955, at about 4:00 P.M. he was carrying lumber in his arms when he slipped and fell on his back while walking over wet boards which had been placed upon a portion of the floor of the plant after .a heavy rain. Pie arose unassisted and did not believe that he had suffered any injury; several minutes later his brother,[1] a fellow employee, who was momentarily absent when the incident occurred, returned to the situs of the accident and he related to him the details thereof. Plaintiff asserted that he then visited the office and likewise informed Homer Lee Davis, the owner and manager of the plant, of the accident. He said Davis told him that he would be taken care of if he suffered any ill effects as a result of the accident; that night the injury became increasingly painful which motivated a visit to the Charity Hospital, where he received sedation, but was informed by a person of authority that the hospital would not continue treatment since his injuries were his employer’s responsibility. Plaintiff further testified that his employer subsequently referred him to the Fisher-Rabin Clinic in Jefferson Parish, where he was treated by Dr. Herman Rabin from April 14, until May 2, 1955, when he was discharged as being able to resume his former occupation.
The plaintiff has never been paid workmen’s compensation.
In order to verify the occurrence of an accident, the plaintiff produced only one witness, Junior Anthony Graham, likewise a permanent resident of Franldinton, Louisiana, and a lifelong friend of the plaintiff, who laboriously testified that on April 11, 1955, at about 4:00 P.M. he visited the Lee Door Company in an effort to secure employment and in connection therewith spoke directly to the plaintiff rather than his employer. After a brief discussion he was informed by the plaintiff that the plant “was not hiring any hands.” As he was leaving the plant he heard a noise and when he turned around he saw the plaintiff lying on the floor. He explained his indifference to the accident by asserting that since the plaintiff was able to arise by himself, he was of the opinion that he was not injured and, therefore, made no effort to render any assistance and continued walking away from the plant.
There were a number of people employed by the defendant who worked in proximity to the plaintiff, but Graham’s testimony is the only evidence which he introduced into the record in order to substantiate his contention that an accident occurred which resulted in his total disability.
On the other hand, in resisting the contention of the plaintiff that an accident oc *689 curred, Homer Lee Davis testified through the medium of interrogatories that he had spoken to the plaintiff about the time that the accident is alleged to have occurred and that he was not informed thereof, but that plaintiff’s only interest at that time, since he had been “laid off”, was when could he again resume his employment. Davis then more pertinently related that on Tuesday, April 12,[2] he:
“ * * * went to his brother, whom he worked with all the time, and asked if there had been an accident and his brother said not to his knowledge had there been an accident. And I asked if he had been with his brother all day and he said, ‘yes.’ And I tried to find out from the other men and as far as I could determine, there had been no accident whatsoever. His brother mentioned at that time that that wasn’t the first time that he had faked an accident —or not faked, but, in his words, if I remember correctly, that he had pulled the same stunt.”
In order to further substantiate the defendant’s contention that the plaintiff was not involved in any accident during the course of his employment on Monday, April 11, 1955, a statement dated May 4, 1955, signed by Robert C. Bryant, plaintiff’s brother, was introduced in evidence which reads in part as follows:
“We always worked close around each other. * * * I do not know anything about my brother getting hurt here on the job. The first I heard about John getting hurt was on a Thursday or Friday following a Monday[3] when he got laid off. He told me he got his back hurt but did not tell me when or how he got hurt. I do not know if anyone else here on the job knows anything about John getting hurt on the job. I worked with John the last day he worked here and he made no mention of getting hurt. He and several others were laid off that same day.
During the course of the trial defendant’s counsel called Robert Bryant as a witness to verify the contents of the foregoing statement. He pleaded surprise when Robert Bryant endeavored to modify his written statement by orally asserting that on the day of the alleged accident his brother, the plaintiff “said something about it, but I didn’t pay it any mind. He said there was nothing to it.”
The fundamental question which the pleadings and the evidence has posed for our consideration is one of fact and that is whether an accident within the meaning of the Workmen’s Compensation Act, LSA-R.S. 23:1021 et seq., occurred on April 11, 1955.
We have carefully analyzed the record and we are convinced from the whole context thereof that the plaintiff was not involved in any accident on April 11, 1955.
 The legal philosophy which has permeated our jurisprudence with liberal rules of evidence and procedure applicable to workmen’s compensation cases does not apply to proof that an accident actually occurred. Plaintiff must, therefore, establish his case by a preponderance of competent evidence as in any other civil suit. He must prove his case with that legal certainty which the law requires. This he has failed to do. It is our opinion that the evidence adduced on behalf of the defendant from Homer Lee Davis and particularly from the plaintiff’s brother, Robert Bryant, which was initially obtained through the medium of a written statement preponderates to the effect that no accident occurred. Robert Bryant’s subsequent effort to modify his written statement during the trial hereof was obviously motivated by a feeling of compassion for his brother.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. Robert C. Bryant was employed as a “rip saw operator.” Plaintiff was his helper.

. This was the same day that Davis was notified by the Charity Hospital of plaintiff’s effort to obtain treatment there on the night of the alleged accident, April 11, 1955.

. April 11, 1955, the day of the accident.