117 So.2d 675 (1960)
John Henry CARD, Plaintiff-Appellant,
v.
SOUTHERN BUILDERS, INC., et al., Defendants-Appellees.
No. 9164.
Court of Appeal of Louisiana, Second Circuit.
January 26, 1960.
Morgan, Baker, Skeels, Middleton & Coleman, Shreveport, for appellant.
Blanchard, Goldstein, Walker & O'Quin, Shreveport, for appellees.
*676 AYRES, Judge.
This is an action for workmen's compensation wherein plaintiff seeks to recover, of his former employer and its workmen's compensation insurer, compensation at the maximum statutory rate as for total and permanent disability, together with medical expenses, penalties, and attorney's fees, as the result of an accidental injury alleged to have occurred on or about May 15, 1958, while he was performing duties in the course and scope of his employment, with Southern Builders, Inc., as a carpenter.
Defendants, in response to plaintiff's demands, deny that an accident occurred or that plaintiff sustained accidental injuries while employed by Southern Builders, Inc., and deny that plaintiff is disabled. There was judgment in the trial court rejecting plaintiff's demands and he has perfected a devolutive appeal to this court.
The issues presented are purely factual. There were no witnesses to the alleged accident and plaintiff relies solely upon his own testimony to establish its occurrence. Therefore, the credibility of plaintiff is an important factor in resolving this primary issue. It is the contention of the defendants-appellees that plaintiff's testimony is so inconsistent, self-contradictory, and flatly contradicted by the testimony of other witnesses on many material points that it is simply not worthy of belief, and fails to establish that he sustained an accidental injury.
First, although a discrepancy is shown between the allegations of plaintiff's petition and his testimony as to the manner of the occurrence of the accident, the record makes it clear that when plaintiff was allegedly injured he was employed alone in a room of a residence on Fairfield Avenue in the City of Shreveport. While putting up sheet rock, he claims, after ripping, or scoring, a sheet thereof of a four-by ten-foot dimension, approximately in half, lengthwise, one of the pieces fell from a height of approximately five feet, striking the inside of his left leg and ankle, lacerating his leg, causing it to bleed, and ultimately producing traumatic ulcers and aggravating a pre-existing condition on his left leg. In his petition, to which he made affidavit, he alleged "* * * that he immediately felt pain in his left leg, reported the accident to his foreman and was sent to the Company Doctor, Drs. Harman, Holt, Hilton & Akin, which firm of Doctors treated your petitioner for a period of nine weeks."
That the alleged accident was not immediately reported to the foreman was established through the testimony of Thomas B. Jacobs and O. A. Olsen, superintendent and timekeeper, respectively, of Southern Builders, Inc. Notice of the alleged accident, and the assertion of a claim predicated thereon, was not given until May 19, 1958, after plaintiff had been laid off from his employment, when he made a telephone call to Olsen from the office of Dr. Hilton. These facts were later admitted by plaintiff while testifying on the trial of the case.
Doubt as to the occurrence of the accident is aroused because of the manner in which plaintiff related its occurrence. He testified, with reference to the piece of sheet rock, that he was standing alongside the middle of the length thereof when it slipped out of his hands and fell. In such position, it is incredible that, when the sheet rock fell, it could have struck the inside of his ankle. To account for this, he testified that the piece of sheet rock broke when it fell. However, in his discovery deposition, taken prior to trial, he testified that the sheet rock did not break but remained all in one piece.
Moreover, his testimony that, during the several months he worked in Shreveport for this and other employers, he had no difficulty at all with his left leg and that he had no ulcer or open wound on his left ankle, is contradicted by Mrs. J. B. Tyner, at whose home he rented and occupied a room. Mrs. Tyner testified that she observed open sores and ulcers on his left leg; that he complained of severe pain; *677 and that he had related to her information that a surgical operation had been performed in that area for the removal of a nerve and for the treatment of a vein and artery.
Two ulcers on plaintiff's left leg near his ankle constituted the major finding of Dr. E. T. Hilton, upon whom plaintiff called May 19, 1958, prior to his giving notice of any alleged accident. Although plaintiff testified that, in the accident, his ankle was so severely cut it bled through his sock, three days later Dr. Hilton found no evidence of a cut, but merely the two infected ulcers.
Plaintiff's experience as a workmen's compensation claimant was extensive. The record discloses that the present claim is the fifth such claim he has asserted since 1953, and that four of these were predicated upon ulceration of this same foot and ankle. In each of these former matters, plaintiff was examined and treated by various doctors, represented by attorneys, and appeared before the Oklahoma Industrial Accident Commission. Nevertheless, on the taking of his pretrial deposition and in the course of his testimony during the trial of this case, plaintiff was vague and evasive as to many material particulars of these prior claims and settlements. Considerable of his testimony was positively contradicted by the physicians who treated and attended him in connection with the alleged prior injuries. He testified that Drs. Hoover, Blaschke, and MacDonald of Oklahoma City did not give him their diagnoses of his difficulty, and he particularly denied he had been informed or advised he could have reoccurrences of the ulceration of his left ankle. Dr. Blaschke testified he discussed plaintiff's condition with him at frequent intervals, while plaintiff was under his care, during May, June, and July, 1956, and that plaintiff was made fully aware of his condition. According to Dr. Hoover, when he examined plaintiff November 2, 1954 there were severe and extensive varicose veins and two varicose ulcers on the medial aspect of his left ankle with a dark brown discoloration of the ankle. Treating plaintiff until December 28, 1954, Dr. Hoover dismissed him after advising him that he was likely to have this trouble in the future, particularly if he did not wear some type of supportive bandage. Dr. Hoover again examined plaintiff July 13, 1955, because the ulcers had reoccurred, and, during his treatment, discussed with plaintiff his condition, made recommendations as to the care he should exercise with reference thereto, and suggested consideration of surgery for relief of the condition arising from the presence of the varicose veins.
Dr. MacDonald testified that, on an examination in March, 1955, plaintiff gave him a history of having a thrombophlebitis in 1949 and a breakdown, from time to time, of the blood vessels in the lower left leg and ankle. The examination revealed ulcers or wounds on the lower left leg and ankle and marked varicose veins in the left leg. From poor circulation in the left leg, the doctor expressed the opinion that plaintiff could expect reoccurrences of the aforesaid conditions, which, he testified, he fully explained to him and pointed out what care and attention should be given.
The record further reveals that plaintiff underwent surgery in March, 1957, at a veterans hospital, to relieve a varicose vein condition, and that ulceration of the medial aspect of the left foot reoccurred. Despite this testimony, plaintiff testified that he could only recall one prior occasion, either in 1956 or 1957, that he had ever had ulceration or discoloration of his left leg, foot, or ankle.
Nor did plaintiff inform Dr. John C. Hardin, Jr., when he made an examination of plaintiff in connection with the present claim, that thrombophlebitis developed in his left leg prior to 1955, nor that on previous occasions he had developed ulcers, but did state that the discoloration of the lower left leg had been present for only a year. Nor did plaintiff make a full disclosure *678 of his present condition to Drs. James W. Tucker and T. J. Smith.
In further commenting upon the medical testimony, it may be appropriate to observe that the consensus of the medical experts is that it was impossible to determine, when they examined plaintiff, whether the ulcers were traumatic in origin or were caused by reason of a circulatory deficiency.
Plaintiff's contention that he sustained accidental injuries finds no support or corroboration whatsoever in the medical testimony or, in fact, from any evidence in the record. To the contrary the conclusion is inescapable that the conditions and difficulties of which plaintiff complains were existent prior to the date of his employment with Southern Builders, Inc. Reference is made in this regard to the medical testimony hereinabove referred to, as well as the testimony of his landlady. Mrs. Tyner testified that plaintiff, while sitting in her kitchen talking to her about the condition of his leg, stated his intention to obtain a job with some good company and get himself hurt so that he would not have to work any morethat he would be taken care of. Mrs. Tyner's testimony is uncontradicted. Plaintiff did not deny making the foregoing statement, nor did he dispute her testimony that she observed the ulcers on the inside of his left ankle prior to his employment with the defendant.
In considering evidence such as the above under the issues presented for determination in this case, certain well-established principles must be borne in mind. The jurisprudence is well settled that the plaintiff in a workmen's compensation case carries the burden of proof, as in other civil cases, and is required to establish his claim to a legal certainty and by a reasonable preponderance of the evidence; that the establishment of such claim, only to the extent of possibility or probability is insufficient; and, that speculation, conjecture, mere possibility, and even unsupported probability, are not sufficient to support a judgment. Green v. Heard Motor Co., Inc., 224 La. 1077, 1078, 71 So.2d 849; Mitchell v. Brogdon, La. App., 106 So.2d 531; Keener v. Fidelity & Casualty Co. of New York, La.App., 96 So.2d 509; Bryant v. Employers Mutual Liability Insurance Co. of Wisconsin, La. App., 94 So.2d 687; Roberts v. M. S. Carroll Co., Inc., La.App., 68 So.2d 689.
The testimony of the plaintiff alone in a workmen's compensation case may be sufficient to prove the occurrence of an accident if it is plausible and consistent and is supported by other circumstances appearing from the record. Fouchea v. Maloney Trucking & Storage, Inc., La.App., 108 So.2d 273; Wyatt v. Consolidated Underwriters, La.App., 98 So.2d 537; France v. City of New Orleans, La.App., 92 So.2d 473; Garrett v. Gaylord Container Corp., La.App., 71 So.2d 373; Dossey v. International Paper Co., La.App., 68 So.2d 242; Johnson v. Andrus, La.App., 56 So.2d 257; Cascio v. Standard Oil Co. of New Jersey, La.App., 32 So.2d 66; O'Connor v. American Automobile Ins. Co., La.App., 32 So.2d 624; Wherland v. Crowell Long Leaf Lumber Co., La.App., 26 So.2d 712; Dolhonde v. Gullett Gin Co., La.App., 25 So.2d 104.
Where the plaintiff has had several prior injuries to the same part of his body and has had considerable experience in making workmen's compensation claims, the court will look with great suspicion on the asserted claim and will examine that claim with particular care. Chance v. American Mutual Liability Insurance Company, La.App., 92 So.2d 493; Eldridge v. Manufacturers Cas. Ins. Co., La.App., 65 So.2d 663; Weaver v. Mansfield Hardwood Lumber Co., La.App., 4 So.2d 781.
As heretofore pointed out, there is much to discredit plaintiff's account of the occurrence of this accidentthere are no corroborating facts or circumstancesand his statements are not supported by any fact or circumstance appearing in the record. In view of the aforesaid principles of *679 law, it can only be concluded plaintiff has utterly and completely failed to establish the occurrence of an accident or that he sustained accidental injuries while in the employ of Southern Builders, Inc.
The judgment appealed is accordingly affirmed at plaintiff-appellant's cost.
Affirmed.