FRUGÉ, Judge.
Plaintiff-appellant, Wilbert J. Mouton, filed a workmen’s compensation suit against St. Paul Fire and Marine Insurance Company, defendant-appellee. The trial court dismissed the suit and plaintiff has perfected an appeal to this court.
In his Reasons for Judgment, the trial court succinctly stated:
“This is a Workmen’s Compensation case in which the plaintiff alleges injury or an aggravation resulting from a trauma which occurred when an internal combustion engine backfired when plaintiff was attempting to crank it. The particular disability which plaintiff complains is that upon performing work of a laborious nature he suffers pain and swelling in the arm which was struck by the crank.
“The evidence contains the findings of two orthopedists and a general practitioner. It was disclosed from the evidence and a history given by the plaintiff that an unusual condition existed in the bony structure of both the right and left elbows designated as an un-united ossicle. Plaintiff had suffered similar results from the left elbow in spite of no accident having occurred affecting the left elbow. An operation of the left elbow resulted in complete relief.
“It was the opinion of the two orthopedists that the pain of which plaintiff complains is not attributed to the accident but is attributed to the abnormal chronic condition of the un-united os-sicle which existed prior to the accident. The court notes that the particular trauma occurred over the olecranon process of the right elbow, which is independent of the un-united ossicle of the normal structure which appears to occasion the complaints of the plaintiff.
“The court is therefore of the opinion that under the provisions of Revised Statutes 23:1317, plaintiff has failed to show that the disability complained of resulted from the trauma or was aggravated by the trauma.
“Judgment is therefore rendered in favor of defendant St. Paul Fire and Marine Insurance Company and against the plaintiff Wilbert J. Mouton, dismissing his demands at his cost.”
Plaintiff apparently did sustain an accident in this case, as a result of which he received a bruising contusion to the elbow, as testified by one Dr. Faulk. However, as also testified to by Dr. Faulk, the swelling, discoloration and other evidence of the bruising contusion subsided and disappeared. Defendant paid plaintiff compensation until his examination by one, Dr. Hatchette (who was selected by plaintiff’s attorney) showed that plaintiff was no longer disabled. Accordingly, plaintiff was entitled to no additional compensation what *171 soever. We are in complete agreement with the trial court’s finding that the “plaintiff has failed to show that the disability complained of resulted from the trauma”.
In workmen’s compensation cases, the Court of Appeal regards decisions of trial court with careful consideration and will not overturn a judgment except upon a showing of manifest error. After reviewing the record we find no manifest error in judgment of the trial court.
For the reasons assigned the judgment of the trial court is affirmed.
Affirmed.