OLIVER P. CARRIERE, Judge ad hoc.
This is a workmen’s compensation suit instituted by Alvin L. Ferman against his employer, Bishop-Edell Machine Works, Inc., and its insurer, Liberty Mutual Insurance Company, in which plaintiff alleges that he is totally and permanently disabled as a result of an accident which occurred on November 25, 1961.
A trial on the merits resulted in a judgment finding that the plaintiff did not sustain the hernia during the course of his employment with the defendant, Bishop-Edell Machine Works, Inc., and his suit was dismissed.
The plaintiff appealed.
In his Reasons for Judgment, the learned trial Judge succinctly stated;
“The Court considering the law, the evidence and argument of Counsel, and being of the opinion that there should be judgment herein in favor of the defendants, and against the plaintiff under the law, and the Court is of the opinion that the plaintiff did not sustain the hernia alleged in the pleading during the course of his employment with defendants.”
FACTS
On November 25, 1960 the plaintiff, during the course of his employment as a machinist’s helper for Bishop-Edell Machine Works, Inc., was told by his foreman to move certain equipment in the shop up a stairway to a storage place. Having secured the assistance of another employee, the plaintiff took the equipment up the stairs. The plaintiff contends that because of the lifting he suffered severe, pains in his back and abdomen. After complaining to the foreman that he had hurt his back plaintiff was given permission to see the doctor. Plaintiff reported to the Clinic of Houston, Roy, Faust & Ewin and was examined several times by that clinic and, guided by plaintiff’s complaint of back pain, was treated for back strain and prostate disorder. At no time did the plaintiff complain of pain in the stomach or groin. During this period plaintiff continued to work at his same job until he was later laid off because there was no more available work for him. Subsequently, the plaintiff worked as a machinist’s helper for another firm, and later worked two weeks with defendant firm until again laid off for lack of work. On May 25, 1961, plaintiff was given a physical examination in relation to an application for a job with the *616 City of New Orleans, and this examination revealed that the plaintiff had a right indirect inguinal hernia. Because of the hernia the plaintiff was not considered for employment. Plaintiff worked with two •other firms after the examination on May 25, 1961, as a machinist’s helper and maintenance man.
ISSUE
This matter presents a question of fact as to whether or not there is a causal relationship between the accident which occurred on November 25, 1960, and the hernia which he was found to have on May 25, 1961.
LAW
“The jurisprudence is well settled that the plaintiff in a workmen’s compensation case carries the burden of proof, as in other civil cases, and is required to establish his claim to a legal certainty and by a reasonable preponderance of the evidence; that the establishment of such claim, only to the extent of possibility, or probability is insufficient;” Card v. Southern Builders, Inc. (La.App.1960), 117 So.2d 675.
“In workmen’s compensation cases, the Court of Appeal regards decisions of trial court with careful consideration and will not overturn a judgment except upon a showing of manifest error.” Mouton v. St. Paul Fire and Marine Insurance Company, (La.App.1962), 142 So.2d 169.
OPINION
It is the opinion of the Court that the cases of Anders v. Employers Liability Assurance Corp., Ltd. (La.App.1951), 50 So.2d 87, and May v. Cooperative Cab Co. (La.App.1961), 52 So.2d 74, cited by plaintiff have no application to this case, because in this case the defendants have admitted that the claimant, Alvin I. Ferman, when examined on May 25, 1961, was suffering with a hernia. The only issue is whether or not there is a causal relationship between the accident which occurred on November 25, 1960 and the hernia which plaintiff was found to have on May 25, 1961. After reviewing the record we find no manifest error in the judgment of the trial court.
Judgment affirmed.