BAILES, Judge.
This is a workmen’s compensation suit. Plaintiff sues his former employer for maximum workmen’s compensation benefits alleged to be due him by reason of an injury he received in a vehicular accident. The employer’s insurer was joined as party defendant. Additionally, plaintiff claims statutory penalties and attorney’s fees on the ground that defendants’ failure to pay workmen’s compensation was arbitrary, capricious and unreasonable. After trial, the lower court rendered judgment “adjudging the plaintiff to be totally and permanently disabled and awarding him workmen’s compensation benefits for Four Hundred (400) weeks at Thirty Two and 50/100 ($32.50) Dollars per week, commencing February 14, 1964, * * *, medical expenses not to exceed Two Thousand Five Hundred and 00/100 ($2,500.00) Dollars, and denying penalties and attorney fees.” Both plaintiff and defendant appeal.
At the time of the accident, plaintiff was employed by Peerless Laundry and Cleaners as a routeman, having entered this employment on January 4, 1964. The accident occurred on February 14, 1964. The acci *680 dent in which the plaintiff allegedly sustained disabling injuries occurred on the Old River Road about ten- miles north of the town of Denham Springs when the delivery truck driven by the plaintiff overturned. Plaintiff contends that the accident occurred when he was forced off the road by an unknown vehicle and that his truck overturned as he attempted to drive it back onto the traveled portion of the highway.
Defendants defend the claims of the plaintiff on the grounds that plaintiff, at the time of the accident, was intoxicated, and that he was outside the course and scope of his employment. In furtherance of this latter defense, defendants contend that the plaintiff was given a specific area in which to operate as a laundry routeman and that he had been specifically instructed by supervisory personnel to confine his activities to the designated area; that the route assigned to the plaintiff was entirely within the Parish of East Baton Rouge and at no time did the plaintiff or any other employees of the defendant laundry operate in the Parish of Livingston.
The plaintiff counters with the contention that on the date in question and at the time of the accident he was returning from a residential area north of Denham Springs where he had gone in order to solicit new customers for the defendant. It is worthy of note that he passed through Denham Springs and other inhabited area to allegedly solicit new customers in this remote subdivision.
Before proceeding further, we would note that the defendants urged in the trial court as a defense, the intoxication of the plaintiff, however, they did not assign as error the failure of the trial court to find that plaintiff was intoxicated at the time of the accident. In fact, defendants acknowledge that they did not bear the burden of proof of this defense.
We feel this is worthy of commenting on because, although we agreed with the trial judge that intoxication of plaintiff was not proved to exist to the point that it interfered with his work or caused the accident, we believe his emphatic denial of having had not even one drink does seriously affect his credibility. It would serve no particular purpose to detail the testimony of the witnesses on the question of the drinking of plaintiff, suffice it to say that unquestionably it was proved that plaintiff smelled of alcoholic beverage. The positive testimony of Mr. and Mrs. Lukenville, the customer who called in to the defendant laundry and asked that they be discontinued as a customer because of the intoxication of plaintiff, and Mr. Phillip Eirich, route supervisor of defendant laundry, is sufficient to prove, not the intoxication of the plaintiff, but that he had been drinking some type of alcoholic beverage. The testimony, reflects in at least four separate places that the plaintiff denied having anything at all to drink at anytime during the day.
The burden rests upon the plaintiff to establish his case by a preponderance of the evidence. A necessary part of the case to be established in asserting workmen’s compensation claims is that the accident occurred in the course and scope of the employment. On this point, we have only the testimony of the plaintiff that he was in the vicinity of the accident because he was soliciting new customers. Admittedly plaintiff was at least 15 miles off his regular route. His testimony is that he spent from about 12:30 p. m. to 2:00 p. m. soliciting customers in the particular subdivision to which he went for that purpose. He could not recall the name of any person on whom he called to solicit as a new laundry customer. From the record, it does not appear that he made any effort to learn the name of anyone on whom he had called for the purpose of calling such a person as a witness. Further, and more damaging to the plaintiff’s case is that he said he had called on two friends in this area, one named Sherwood and the other Dennis. He did have subpoenas issued for their appearance, *681 but neither appeared, and he waived their testimony. The presumption that follows from this is that their testimony would not have been favorable to his case.
Where known witnesses are available, or if unknown, their identity can be learned, and are available to the process of the court, and whose testimony should corroborate the otherwise unsupported testimony of a plaintiff, the burden rests heavily upon the plaintiff to obtain such witnesses; or satisfactorily explain their absence.
As was stated by this court in the case of Vaughn v. Hartford Accident and Indemnity Company, La.App., 159 So.2d 33, at page 37:
“[2,3] That the plaintiff in a case for workmen’s compensation benefits bears the burden of proving his injury occurred on the job and in the course and scope of his employment is too well settled and elementary to require citation of authority. The plaintiff may meet this burden by his own testimony if it is not discredited and if it is corroborated by surrounding circumstances. Jenkinson v. Clemons, La.App., 144 So.2d 181; Guilbeaux v. Trinity Universal Insurance Company, La.App., 134 So.2d 717; Card v. Southern Builders, Inc., La.App., 117 So.2d 675; and Fouchea v. Maloney Trucking & Storage Inc., La.App., 108 So.2d 273.”
In the instant case, there are no corroborating circumstances, and the plaintiff’s unsupported testimony has been discredited as reasoned supra. Plaintiff has failed to establish that the accident occurred in course and scope of his employment by a fair preponderance of evidence.
For the foregoing reasons, the judgment of the trial court is reversed, and there is judgment herein rejecting the plaintiff’s demands, at his costs.
Reversed and rendered.