REGAN, Judge.
The plaintiff, Leonard Smith, a laborer, instituted this suit against his employer, the defendant, E. I. Du Pont De Nemours and Company, Inc., endeavoring to recover the sum of $14,000.00 under the Louisiana Workmen’s Compensation Act for total and permanent disability which he asserts was incurred in the course and scope of his employment.
The defendant answered and in effect denied that the plaintiff was either totally or permanently disabled and explained therein that prior to the termination of his employment, he was fully capable of resuming his former occupation.
From a judgment in favor of the defendant dismissing the plaintiff’s suit, he has prosecuted this appeal.
The record reveals that on March 17, 1963, the plaintiff, a man, 59 years of age, was employed by the defendant as a common laborer and had been so engaged since the previous January.
On the day of the alleged accident, he was in the process of driving a small wooden stake into rather soft sand with an eight pound maul. He explained that when he endeavored to straighten up, his back hurt him, and he was compelled to discontinue work and request first aid.
He was referred to Dr. Hume, the company physician, who prescribed muscle relaxants and heat treatments until the third day of April. On April 18, he was free of pain, and he was offered and accepted lighter work. Three weeks later, he returned to the company’s infirmary again complaining of pain, and he was then referred to Dr. Russell Grunsten, an orthopedic specialist. This physician’s examination revealed nothing which indicated that his activity should be restricted nor that he was in need of additional orthopedic treatment.
On May 10, the plaintiff’s job was terminated, and the defendant satisfactorily explained that this occurred as the result of a general reduction in the work force.
No useful purpose would be served by indulging in a tedious discussion of the various medical opinions offered herein as a result of the plaintiff’s condition. Suffice it to say that all of the evidence adduced in connection therewith reflects that his symptoms were primarily subjective, and the record emphatically reveals that the treating and examining physicians obviously relied on the veracity of his statements relative to his medical history and his complaints of pain.
*57 In the final analysis, the evidence adduced herein makes it quite clear that the plaintiff’s statements with respect to his injury are not worthy of belief. On several occasions, he represented to various physicians that he had experienced no prior back trouble. However, at the trial hereof, evidence was introduced to prove that on at least four occasions before the occurrence of this nebulous injury he asserted claims against several accident insurance companies for injuries incurred to his back.
 It is well settled that the veracity and credibility of a claimant is of utmost significance where the determination of the extent of his injury is predicated entirely upon his own testimony.[1] Moreover, where a claimant testifies falsely relative to previous claims for an injury to the same part of the body as that which forms the subject matter of this litigation, his assertions must be carefully scrutinized,[2] that is, the court must pay close attention to the minute details thereof.
In this case, the only evidence of the plaintiff’s injury is his own self-serving declaration that he possesses certain subjective symptoms. After hearing his laborious testimony, and recognizing all of the inconsistencies contained therein, the trial judge concluded that he was absolutely unworthy of belief.
We are of the opinion that the lower court’s reasoning is fully substantiated by the record, and therefore, we will not disturb its judgment on appeal.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendant is to pay all costs incurred herein.
Affirmed.

. Teekell v. Campbell Construction Co., 160 So.2d 447 (La.App.1964) ; Kagler v. Travelers Indemnity Co., 151 So.2d 131 (La.App.1963).

. Card v. Southern Builders, Inc., 117 So. 2d 675 (La.App.1960); Eldridge v. Manufacturers Cas. Ins. Co., 65 So.2d 663 (La.App.1953).